IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANNON FOSTER,

        Petitioner,

    vs.

UNITED STATES OF AMERICA,

       Respondent.

Case No. 13-cv-1085-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Shannon Foster's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  For the following reasons, the Court denies Foster's motion.

## 1. Background

On July 12, 2012, Foster pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846.  *See United States v. Foster*, Case No. 11-cr-40064-JPG (Doc. 128).  On October 30, 2012, the undersigned Judge sentence Foster to 127 months imprisonment, eight years supervised release, a $500 fine, and a $100 special assessment.  Doc. 150 in criminal case.  Judgment was entered on October 31, 2012.  Doc. 155 in criminal case.  Foster did not file a direct appeal.

Foster's § 2255 motion was timely filed on October 21, 2012.  Foster asserts her trial counsel, William A. Shirley, was ineffective in several respects.  In Ground One, Foster asserts Shirley was ineffective because he failed to withdraw from her case due to a conflict.  In Ground Two, Foster asserts Shirley was ineffective during the pre-trial phase of the case for his failure to properly investigate charges, conduct meaningful discovery, and challenge false statements.

Doc. 1, p. 5.  In Ground Three, Foster alleges Shirley was ineffective during the plea agreement

phase as for failing to challenge the § 851 enhancement based on a drug charge for which she

had completed probation, and falsely assuring Foster that the Government would not seek a

sentencing enhancement if she cooperated.  The Court will now consider whether Foster's

allegations warrant an evidentiary hearing.

## 2.  Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in

violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However,

"[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt*

*v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for

errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental

defect which inherently results in a complete miscarriage of justice."  *Kelly v. United States*, 29

F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion

without an evidentiary hearing if "the motion and the files and records of the case conclusively

demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v.*

*United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The Seventh Circuit has interpreted 28 U.S.C. § 2255 as not necessitating an evidentiary

hearing "when a petitioner's allegations are 'vague, conclusory, or palpably incredible rather

than detailed and specific.'"  *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting

*Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)).  As a threshold requirement, a § 2255

petitioner must attach to her petition "a detailed and specific affidavit which shows that the

petitioner had actual proof of the allegations going beyond mere unsupported assertions."  *Kafo*,

467 F.3d at 1067 (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)); *Galbraith*

*v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002)).  Here, Foster's motion simply contains

bare allegations of Shirley's alleged ineffectiveness.  She also fails to provide an affidavit

showing that she has proof to support her allegations.  Accordingly, the Court denies Foster's

motion for those reasons.  Even if Foster had provided an affidavit containing details of her

allegations, the Court would deny her motion for the following reasons.

    The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions,

the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S.

Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective*

assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v.

Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel

bears the burden of showing (1) that his trial counsel's performance fell below objective

standards for reasonably effective representation and (2) that this deficiency prejudiced the

defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635

F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert.

denied*, 130 S. Ct. 2431 (2010); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

    To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to

specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.  The Court must then consider

whether in light of all of the circumstances counsel's performance was outside the wide range of

professionally competent assistance.  *Id.*  The Court's review of counsel's performance must be

"highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *accord Wyatt*,

574 F.3d at 458.  Counsel's performance must be evaluated keeping in mind that an attorney's

trial strategies are a matter of professional judgment and often turn on facts not contained in the

trial record.  *Strickland*, 466 U.S. at 689.  The Court cannot become a "Monday morning quarterback."  *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).  "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome."  *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum.  They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding.  *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34.  In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance. *Massaro*, 538 U.S. at 504-05.  For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition. The Court will now consider each of Foster's ineffective assistance of counsel claims in turn.

### a.  Conflict of Interest

First, Foster claims Shirley was ineffective because he failed to withdraw from her case when he had a conflict.  Foster alleges Shirley had filed a civil suit against the government

regarding a dispute over attorney's fees in previous cases, and told Foster "he would like Foster to be sentenced as quickly as possible so he could receive his final pay."  Doc. 1, p. 4.

The Sixth Amendment to effective assistance of counsel includes representation free from conflicts.  *Blake v. United States*, 723 F.3d 870, 880 (7th Cir. 2013) (citing *Wood v. Georgia*, 450 U.S. 261, 271 (1981)).  There are two frameworks under which an ineffective assistance of counsel claim arising from a conflict of interest may be analyzed.  *Blake*, 723 F.3d at 880.  Under the framework for an *actual* conflict, "[i]f there is any 'adverse effect' on the attorney's performance, prejudice is presumed and the defendant's argument prevails."  *Id.* (quoting *Freeman v. Chandler*, 645 F.3d 863, 869 (7th Cir. 2011)).  "A petitioner may show an adverse effect by demonstrating 'that there is a reasonable likelihood that his counsel's performance would have been different had there been no conflict of interest."  *Blake*, 723 F.3d at 880 (*Hall v. United States*, 371 F.3d 969, 974 (7th Cir. 2004)).  Where no *actual* conflict of interest is alleged, the petitioner must establish her claim under the *Strickland* framework. *Blake*, 723 F.3d at 880.

Here, Foster has simply made bare allegations that a conflict existed.  She has failed to allege any facts suggesting that there is a reasonable likelihood that Shirley's performance would have been different had the alleged conflict not existed from which this Court could find an adverse effect.  Further, Foster has failed to allege any facts from which this Court could conclude that but for Shirley's alleged conflict, the outcome of the trial would have been different.  Accordingly, the Court dismisses Ground One of Foster's § 2255 motion.

### b.  Pre-trial

Foster alleges three ways in which counsel was ineffective during the pre-trial phase of her case.  First, she contends "Shirley failed to properly investigate charges Foster was indicted

on."  Doc. 1, p. 5.  A petitioner alleging counsel was ineffective for failing to investigate during the pretrial phase of the litigation has the "burden of providing . . . a comprehensive showing as to what the investigation would have produced."  *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003).  Foster has failed to allege what evidence would have been uncovered upon Shirley's further investigation or how that evidence would have aided in her defense.  Accordingly, Foster has failed to meet her burden, and the Court dismisses this portion of her § 2255 motion.

Second, Foster alleges Shirley was ineffective during pre-trial because he "failed to file any meaningful motions of discovery after Foster advised him of the true facts."  Doc. 1, p. 5.  Foster, however, fails to allege what evidence would have been uncovered during discovery or that the result of the proceedings would have been different.  Accordingly, the Court denies Foster's motion to that extent.

Third, Foster alleges Shirley was ineffective during the pre-trial phase because he "failed to file a motion to challenge false statements given by Donald Norris, Shana Ewing, and Amber Stanton.  Foster fails to disclose which statements were false.  Further, even if Shirley was ineffective for failing to challenge certain statements, Foster has failed to allege how that failure prejudiced her.  Accordingly, the Court denies Ground Two in its entirety.

### c.  Plea Agreement

In Ground Three, Foster contends Shirley was ineffective during the plea agreement process.  First, Foster alleges Shirley was ineffective when he failed to file a motion to challenge the § 851 enhancement based on a drug charge for which she had successfully completed probation.  The successful complete of probation, however, still constitutes a prior conviction for the purposes of a § 851 enhancement.  *United States v. McAllister*, 29 F.3d 1180, 1181 (7th Cir.

1994) (successful complete of probation under Illinois still "constitutes a prior conviction under § 841(b)(1)(B)).  Thus, any attempt by Shirley to challenge the § 851 enhancement on the ground that Foster had successfully completed probation would have been futile.  Accordingly, Shirley's failure to challenge the § 851 enhancement based on Foster's successful complete of probation was not unreasonable, and he was not ineffective in that respect.

Next, Foster contends Shirley was ineffective because he "had informed and assured Foster that if she cooperated with the government she would not have a sentence enhancement added."  Doc. 7, p. 13.  Even if Shirley did make such a guarantee, Foster has failed to allege that she would not have pleaded guilty and would have proceeded to trial had she known the government would seek a sentencing enhancement under § 851.  In fact, to the contrary, Foster pleaded guilty knowing that the government would seek a sentencing enhancement because the government filed its notice that it would do so the day before Foster pleaded guilty.  Doc. 127 in criminal case.  Accordingly, the Court denies Foster's motion in that respect.

### 3.  Certificate of Appealability

Having denied Foster's motion, the Court must grant or deny a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c).  Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  Foster has made no such showing.  Therefore, the Court denies a certificate of appealability.  Pursuant to Rule 11(a), Foster may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

**4.  Conclusion**

Accordingly, this Court **DENIES** Foster's § 2255 motion and **DISMISSES** this action.

The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  Further, the Court

**DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:**  October 23, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
